## No. 10,817.

### THE STATE OF LOUISIANA VS. JIM WARE.

The Supreme Court has no authority to consider the evidence adduced below, on the trial, tending to establish the guilt or innocence of the defendant. It has power only to determine whether or not the procedings were regularly brought and conducted.

The allowance of a motion for a new trial, based on a charged misapprehension and disregard of the facts by the jury, and on the discovery of material evidence since the trial, is within the discretion of the District Judge.

This court is not concerned with the motion attacking a verdict, as contrary to the evidence; and will not interfere with the refusal of the judge to grant a new trial, on the ground of newly discovered material evidence, unless in extreme and clear cases, where injustice was done.

The jury tries the prisoner on the charge against him, and this court tries the judge, on the rulings made by him and complained of, on questions of *law only*.

APPEAL from the First District Court for the Parish of Caddo. *Hicks, J.*

*W. H. Rogers,* Attorney General, for the State, Appellee.

*Robt. J. Looney,* appointed by the Court *a qua,* for Defendant and Appellant.

The opinion of the court was delivered by

BERMUDEZ, C. J.   The defendant was indicted for rape, convicted and sentenced to the extreme penalty.

On appeal, he relies solely on a motion for a new trial, in which the jury is charged with a misapprehension of the facts, and the judge, with error in disregarding the *affidavit* of newly discovered evidence since the trial, which if adduced, would influence the jury to a new finding.

To the refusal of the judge to grant the new trial, a bill of exception was reserved.

In an elaborate opinion, the District Judge has taken pains to show that the grounds relied on for a new trial are untenable.

It has been repeatedly held that this court has no authority to consider the evidence adduced below, tending to establish the guilt or innocence of the defendant, and have power only to ascertain and determine, on proper showing, whether or not the proceedings were regularly instituted, carried on and consummated.

It will not interfere with the discretion of the District Judge exercised in refusing a new trial on the grounds of newly discovered material evidence since the trial, unless in extreme cases, in which otherwise injustice would be done.   Those features are not presented in the present instance.

26

The jury tries the accused on the charge against him, and this court tries the judge for his ruling but on questions of law only.

Judgment affirmed.